PER CURIAM.
This is an appeal from an order resen-tencing the appellant and imposing sex offender conditions in the order of probation. In Edmondson v. State, 777 So.2d 434 (Fla. 1st DCA 2000), we reversed the upward departure sentences on the appellant’s convictions for burglary, sexual battery, and kidnapping, and remanded for sentencing within the guidelines. We affirm the resentencing disposition in all respects except one.
At the original sentencing, the court imposed life probation to follow the prison term on the kidnapping count. Upon re-sentencing, the court imposed sex offender conditions in the order of probation. The appellant contends that this constituted the imposition of more harsh sanctions after a successful appeal in violation of due process under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), Lee v. State, 710 So.2d 1050 (Fla. 1st DCA 1998), and Womack v. State, 617 So.2d 1107 (Fla. 1st DCA 1993). The appellant further contends that vindictiveness is presumed because the same judge imposed the sentences on remand, and that this presumption was not overcome.
In an order denying the appellant’s rule 3.800(b) motion, the trial court indicated that imposition of the sex offender conditions for the first time on remand was not vindictive because they were statutorily required under section 948.03(5). Section 948.03(5)(a), Florida Statutes (1997), provides in part that:
Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794 or s. 800.04, s. 827.071, or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed.
The section then lists the conditions that must be imposed.
Thus, section 948.03(5)(a) would require imposition of the sex offender conditions for sexual battery, which is a violation of chapter 794. However, the judgment and sentencing documents, as well as the court’s order denying the rule 3.800(b) motion, make it clear that the appellant was placed on probation for the kidnapping *770 count only. The kidnapping conviction is a violation of section 787.01. Section 948.03(5)(a) does not require the imposition of the sex offender conditions for defendants placed on probation for violations of section 787.01.
Because it is clear from the record that the only reason the trial court imposed the conditions was the erroneous belief that they were statutorily required, we reverse and remand for the conditions to be stricken from the order of probation. The appellant need not be present for the correction of the order.
Affirmed in part, reversed in part, and remanded.
KAHN, POLSTON and PADOVANO, JJ., concur.